**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| Bankruptcy Case: | Case No. 05-80284 |
| | Chapter 7 |
| CAROL LYNN CAURDY-MURPHY, | Honorable Phillip J. Shefferly |
| Debtor. | |
| _____/ | A.P. No. 06-04597 |
| American Home Mortgage Investment Corp., d/b/a American Brokers Conduit, | |
| Appellant, | |
| | Case No. 07-14384 |
| v. | HONORABLE DENISE PAGE HOOD |
| K. Jin Lim, Trustee, | |
| Appellee. | |
| _____/ | |

**<u>ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER
GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT</u>**

**I.     INTRODUCTION**

Now before the Court is an appeal from the October 2, 2007 Order of the Eastern District of Michigan Bankruptcy Court ("Bankruptcy Order"), granting the Trustee's ("Appellee") Motion for Summary Judgment and denying American Home Mortgage Investment Corp.'s ("Appellant") Motion for Summary Judgment. The Bankruptcy Order declared that the mortgage lien of Appellant be avoided.

This Court held a motion hearing on February 6, 2008. Having considered the entire record in light of *In ree Lee*, 530 F.3d 458 (6th Cir. 2008),[1] and for the reasons that follow, the Court AFFIRMS the Bankruptcy Court Order.

## II. FACTS

On September 6, 2005, Carol Lynn Caurdy-Murphy ("Debtor") refinanced the purchase of real property located at 7053 Appoline, Dearborn, Michigan 48126 ("Property"). At the closing, Debtor executed a mortgage ("Mortgage") in the amount of $119,700.00 in favor of Appellant. Appellant did not record the Mortgage until October 11, 2005. One day later, on October 12, 2005, Debtor filed a voluntary Chapter 7 bankruptcy petition ("Bankruptcy Action").

Appellee seeks to avoid the Mortgage under 11 U.S.C. § 547(b) as a preferential transfer. On October 3, 1007, the Bankruptcy Court entered judgment in favor of Appellee, and avoided the Appellant's security interest in the Property. Appellant timely filed the instant appeal on October 12, 2007.

## III. STANDARD OF REVIEW & APPLICABLE LAW

When a bankruptcy court's decision is appealed to the district court, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with

---

[1] At the time of the hearing, the Sixth Circuit had not yet decided *In ree Lee*, which was issued on June 26, 2008.

instructions for further proceedings." Fed. R. Bank. P. 8013. The district court is bound by the Bankruptcy Court's findings of fact unless they are clearly erroneous. *Id.* The district court reviews the Bankruptcy Court's conclusions of law *de novo*. *Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998).

## IV. ANALYSIS

Appellant argues that the Bankruptcy Court erred by refusing to apply the earmarking doctrine defense in this case. Appellee responds that the earmarking doctrine does not apply because there were two distinct transactions within the refinance and the doctrine only applies to the first transaction. Pursuant to 11 U.S.C. § 547(e)(2)(A), Appellee maintains that the transfer of the money for the loan, and the transfer of Debtor's interest in the property, occur at two different times if the security interest is not perfected within ten[2] days of the loan transfer. According to Appellee, the transfer of funds for the refinance is covered by the earmarking doctrine, but the transfer of Debtor's interest in the property is not.

Preferential transfers are transfers of a debtor's property to a creditor for payment of a prior debt, which result in the creditor receiving more than the creditor would have received in a Chapter 7 Bankruptcy if the property had not been transferred. Preferential transfers occur when the debtor is insolvent and, generally, within 90 days before the bankruptcy filing. *See* 11 U.S.C. § 547(b). Section 547(b) provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

---

[2]This argument relies on an older version of 11 U.S.C. § 547(e)(2)(A). This statute was amended on April 20, 2005, and now permits thirty days for perfection rather than ten days. *In ree Lee*, 530 F.3d at 465 n.2. Given that the Appellant failed to perfect its interest within thirty days, the distinction between the old and new versions of the statute is irrelevant in this case.

3

>(1) to or for the benefit of a creditor;
>
>(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>(3) made while the debtor was insolvent;
>
>(4) made—
>
>>(A) on or within 90 days before the date of the filing of the petition; or
>>(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>(5) that enables such creditor to receive more than such creditor would receive if—
>
>>(A) the case were a case under chapter 7 of this title;
>>(B) the transfer had not been made; and
>>(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). An avoidable preference action requires a diminution of the estate. *Encore Credit Corp. v. Lim*, 373 B.R. 7, 11 (E.D. Mich. July 31, 2007).

"The earmarking doctrine applies whenever a third party transfers property to a designated creditor of the debtor for the agreed-upon purpose of paying that creditor." *In ree Lee*, 530 F.3d at 468 (citation omitted). "The earmarking doctrine, then, is a judicially-created defense that may be invoked by a defendant to a preference action in an attempt to negate § 547(b)'s threshold requirement-a transfer of an interest of the debtor in property." *Id.* "[T]he earmarking doctrine does not protect . . . [a] late-perfecting refinancer from preference exposure." *Id.* at 470.

A transaction must meet three requirements to qualify for the earmarking doctrine:

(1) the existence of an agreement between the new lender and the debtor that the

new funds will be used to pay a specified antecedent debt,

(2) performance of that agreement according to its terms, and

(3) the transaction viewed as a whole (including the transfer in of the new funds and the transfer out to the old creditor) does not result in any diminution of the estate.

*Id.* at 468 (citing *In re Bohlen Enterprises, Ltd.*, 859 F.2d 561, 566 (8th Cir. 1988)).

The Court finds no legal error in the Bankruptcy Court's decision not to apply the earmarking doctrine in this case. Since the filing of the briefs in this action, the Sixth Circuit has addressed the issue of whether the earmarking doctrine applies in cases where, as here, a party perfects its interest outside of Section § 547(e)(2)(A)'s safe harbor period – and held that it does not apply. *In re Lee*, 530 F.3d at 470-72. Here, Appellant did not record the mortgage within the thirty-day safe harbor provision of 11 U.S.C. § 547(e)(2)(A). Accordingly, Appellant is not entitled to relief under the earmarking doctrine.

## V. CONCLUSION

In light of the foregoing,

IT IS ORDERED that Order of the Eastern District of Michigan Bankruptcy Court, granting the Bankruptcy Trustee's Motion for Summary Judgment and denying American Home Mortgage Investment Corp.'s Motion for Summary Judgment is **AFFIRMED**.

                                                S/Denise Page Hood  
                                                Denise Page Hood  
                                                United States District Judge

Dated: July 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2008, by electronic and/or ordinary mail.

                                                S/William F. Lewis  
                                                Case Manager